UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Brandi Gale Differ,

    v.                                                        Civil No. 15-cv-029-JL
                                                          Opinion No. 2016 DNH 054
Carolyn Colvin,
Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

    Brandi Gale Differ has appealed the Social Security Administration's ("SSA") denial of her application for disability benefits. An administrative law judge at the SSA ("ALJ") ruled that, despite several severe physical impediments, Differ retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council later denied Differ's request for review, see id. § 404.967, with the result that the ALJ's decision became the final decision on Differ's application, see id. § 404.981. Differ then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

    Differ has moved to reverse the decision, see L.R. 9.1(b), contending that the ALJ erred in his treatment of medical and other opinion evidence at steps two through four of his

analysis.  The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision.  See L.R. 9.1(e).  After careful consideration, the court agrees with Differ that the ALJ erred in weighing the medical opinion evidence, and therefore grants Differ's motion to reverse (and denies the Acting Commissioner's motion to affirm) the ALJ's decision.

## I. Applicable legal standard

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  The court will uphold the ALJ's decision if it is supported by "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

## II.  Background

In assessing Differ's request for disability benefits, the ALJ engaged in the requisite five-step process.  See 20 C.F.R. § 416.920.  After concluding that Differ had not engaged in substantial gainful activity since the date of her application, March 16, 2012, he analyzed the severity of Differ's impairments.  He determined that Differ suffers from two severe physical impairments:  obesity and status post open reduction and internal fixation surgery of the right hip.  He concluded, however, that Differ's claimed mental impairments -- depression and anxiety/post-traumatic stress disorder -- were not severe.  In doing so, he considered the opinions of two medical experts: Dr. Richard Schnable, Differ's treating psychologist, and Dr. Michael Schneider, the non-examining State agency psychological consultant.  The ALJ gave "significant weight" to Dr. Schneider's opinion and "little weight" to Dr. Schnable's, and concluded, based on his own "common sense appraisal of the totality of the evidence," that Differ did not suffer from any "severe" mental health conditions.  Admin R. at 23-24.

At the third step, the ALJ found that Differ's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations.  See 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

He did not consider Differ's alleged mental impairments at that step.

The ALJ then concluded that Differ retained the RFC to perform a full range of sedentary work with several exertional limitations. After applying the same weight to the experts' respective opinions as at the second step, the ALJ crafted an RFC that did not account for any mental impairments. Finally, finding that Differ had not performed any work at substantial gainful activity since 1990, and thus had no past relevant work that she could perform, see 20 C.F.R. § 404.1565, the ALJ continued to step five, where he concluded that Differ could perform jobs that exist in significant numbers in the economy. Therefore, the ALJ found, Differ was not disabled within the meaning of the Social Security Act.

### III. Analysis

Differ takes issue with the treatment of her alleged mental impairments at each of the second, third, and fourth stages of the ALJ's analysis. In particular, she contends that the ALJ erred by (1) relying on his own "common sense appraisal," Admin. R. at 4, and the opinion of Dr. Schneider to find that her mental impairments were not "severe" in step two; (2) not considering her mental impairments at all in step three; and (4) improperly weighing the expert evidence when crafting her RFC in

step four.  As discussed below, any error by the ALJ in his treatment of the opinion evidence at step two may have been harmless; but his treatment of that evidence at step four constitutes reversible error.

The ALJ first considered the opinion of the non-examining state agency consulting, Dr. Schneider.  He afforded Dr. Schneider's opinion "significant weight," citing Dr. Schneider's conclusion that "there was 'insufficient evidence to substantiate the presence of [an affected or anxiety-related] disorder.'"  Admin. R. at 23-24.  The opinions of state agency psychological consultants

> can be given weight only insofar as they are supported
> by evidence in the case record, considering such
> factors as the supportability of the opinion in the
> evidence . . ., the consistency of the opinion with
> the record as a whole, including other medical
> opinions, and any explanation for the opinion provided
> by the State agency . . . psychological consultant . .
> . .

SSR 96-6p, 1996 WL 374188, at *2.  Such an opinion

> may be entitled to greater weight than a treating
> source's medical opinion if the State agency . . .
> psychological consultant's opinion is based on a
> review of a complete case record that includes a
> medical report from a specialist in the individual's
> particular impairment which provides more detailed and
> comprehensive information than what was available to
> the individual's treating source.

Id. at *3.  But that is not the case here.  To the contrary, Dr. Schneider appears to have reviewed only a limited set of

5

Differ's medical records -- far from the "complete case record" -- and he did not review Dr. Schnable's opinions or case notes,[1] or the records of Differ's visits to the Paincare Center, which discuss her diagnoses of depression and anxiety and her prescriptions related thereto.  In fact, Dr. Schneider explained that he found the evidence that he reviewed to be "insufficient . . . to assess [Differ's] current psychological functioning." Admin. R. at 98.  "A state agency consultant's opinion that is based on an incomplete record, when later evidence supports the claimant's limitations, cannot provide substantial evidence to support the ALJ's decision to deny benefits." Snay v. Colvin, 2014 DNH 134, 11 (citing Alcantara v. Astrue, 257 Fed. Appx. 333, 334 (1st Cir. 2007)).  Accordingly, the ALJ erred in giving significant weight to Dr. Schneider's opinion and in relying on the same when crafting Differ's RFC.

　　　The ALJ then discounted the opinion of Dr. Schnable, Differ's treating physician of several years.  Dr. Schnable opined that Differ "meets criteria for a variety of mental health disorders (PTSD, depression, anxiety, borderline

---

[1] Dr. Schneider reviewed Differ's records on August 30, 2012. See Admin. R. at 98.  He did not consider Dr. Schnable's opinion and records, which were submitted in early 2014, almost a year and a half later. See Admin. R. at 529, 752, 880.  Importantly, Dr. Schnable's records cover a period of treatment that both pre- and post-dates Dr. Schneider's review of the Differ's medical records.

personality disorder), but I believe the most accurate and encompassing is Dissociative Identity Disorder."  Admin. R. at 529.  He further opined that her behavioral patterns, as a result, "have greatly compromised [Differ's] adult functioning in all areas of life - relationship, self-care, vocational pursuits, mood-regulation, etc."  Id.  Dr. Schnable also completed a mental impairment questionnaire, laying out the signs and symptoms of Differ's mental impairments, some of which -- such as disorientation as to time and place, memory impairment, and persistent anxiety -- he designated as "intermittent" in an "attempt to identify [Differ's] dissociative process . . . ."  Admin. R. at 750.  Among other limitations, he concluded that Differ would have "[d]ifficulty completing a normal work day and workweek without interruptions from psychologically based symptoms."  Id. at 751.  The ALJ afforded "little weight" to Dr. Schnable's opinions.

    The medical opinion of a treating source is entitled to controlling weight when that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record . . . ."  20 C.F.R. §§ 404.1527, 416.927.  When an ALJ decides not to give controlling weight to the treating source's opinion, he must give "good reasons" for

7

the weight ascribed to that opinion. 20 C.F.R. § 404.1527(d)(2). Those reasons must be "supported by evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling ("SSR") 96-2p, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, at *5 (S.S.A. 1996). However, weighing of medical opinion "is called for when the case record contains inconsistent evidence, such as contradictory RFC assessments." Littlefield v. Colvin, 2015 DNH 025, 15 (citing 20 C.F.R. §§ 404.1520b(a), 416.920b(a)). When the case record contains only one mental RFC assessment -- as it effectively does here -- there is "nothing for the ALJ to put on the other side of the scale to measure against [the sole] opinion." Id. Under circumstances such as these, the ALJ erred by making an RFC determination that failed to take Differ's alleged mental impairments into account -- a decision unsupported by any medical opinion.[2] Id.

---

[2] Though it need not reach this issue in light of its conclusion above, the court is also skeptical that the ALJ's allusion to Dr. Schnable's "own treatment notes" failing to support his opinion, Admin R. at 24, 28, amounts to the "good reasons" required by 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). Absent any explanation of how Dr. Schnable's notes undermine his opinion, this bare reference to Dr. Schnable's those treatment

Having discounted the opinion of Differ's treating psychologist and erroneously exalted the opinion of a state agency consultant who did not review the relevant evidence, the ALJ fell back on his own "common sense appraisal" of the evidence. Admin. R. at 23. Where, as here, the medical evidence does not contain an RFC assessment by a medical expert, an ALJ ordinarily cannot assess the claimant's RFC himself, "since bare medical findings are unintelligible to a lay person in terms of [RFC]." Gordils v. Sec'y of HHS, 921 F.2d 327, 329 (1st Cir. 1990). Because no exception to that general rule applies in this case, see Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 17 (1st Cir. 1996), the ALJ erred by basing his assessment of Differ's mental RFC solely on his own evaluation of the medical evidence.

## IV. Conclusion

The court is left to conclude that the ALJ, having dismissed the opinion of Differ's treating physician and relied on that of a state agency consultant who did not review the

---

notes is insufficiently specific to make clear the ALJ's reasons for discounting that opinion. See Larocque v. Colvin, 2015 DNH 102, 11-12 (conclusory statement that opinion was inconsistent with medical record did not amount to rationale supported by substantial evidence); cf. Young v. Astrue, 2011 DNH 140, 31-32 (discounted weight given to treating physician's opinion supported by "good reasons" where physician's own notes indicated normal mental status).

relevant evidence, "effectively substituted his own judgment for medical opinion." Alcantara, 257 F. App'x at 334. This was error, for an ALJ "cannot assess the claimant's RFC himself . . . ." Levesque v. Colvin, 2014 DNH 191, at 2-3. Therefore, the court is constrained to reverse the ALJ's decision and remand this case to the SSA for further consideration.[3]

For the foregoing reasons, Differ's motion to reverse the SSA's decision[4] is GRANTED, and the Acting Commissioner's motion to affirm it[5] is DENIED. See 42 U.S.C. § 405(g). The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    March 11, 2016
cc:   Janine Gawryl, Esq.
      Michael T. McCormack, AUSA

---

[3] Differ also argues that the ALJ erred at the second step by finding that her mental impairments were not severe and at the fourth step by failing to give appropriate weight to her husband's opinion. The court need not reach these arguments because the ALJ's error in weighing the opinion evidence in crafting her RFC necessitates reversal and remand in and of itself. All the same, the court observes that, while an error at the second step is generally considered harmless when "the ALJ found at least one severe impairment and progressed to the next step of the sequential evaluation," McDonough v. Colvin, 2014 DNH 142, 27, the ALJ here invoked the same analysis of the medical opinion evidence at step two as at step four.

[4] Document no. 9.

[5] Document no. 12.